UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GEORGE MOORE** a/k/a **GEORGE MOORE, III** LA. DOC #98494 VS. | **CIVIL ACTION NO. 3:13-cv-3223** SECTION P JUDGE DONALD E. WALTER |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner George Moore (also known as George Moore, III), an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 10, 2013. Petitioner attacks his 1982 conviction for murder and the life sentence imposed thereon by the Sixth Judicial District Court, Madison Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings in accordance with the provisions of 28 U.S.C. §2244.

*Background*

On May 3, 1982, petitioner was convicted of first degree murder in a criminal proceeding assigned Docket Number 36,451 of the Sixth Judicial District Court, Madison Parish. Thereafter he was sentenced to serve life without benefit of parole.

His first round of State post-conviction litigation attacking the conviction under Docket

Number 36,451 ended on March 24, 2000, when the Louisiana Supreme Court denied his application for writs. *George Moore, III vs. State of Louisiana*, 1999-2604 (La. 3/24/2000), 757 So.2d 653.

Thereafter, on May 4, 2000, he filed a *pro se* petition for *habeas corpus* in this Court attacking the murder conviction under Docket No. 36,451 and raising three claims – (1) unconstitutional selection of the Grand Jury, (2) ineffective assistance of counsel, and (3) error by the State courts determining that his application was time-barred by the provisions of La. C.Cr.P. art. 930.8.  On August 8, 2000, the petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). Petitioner did not appeal. *See George Moore, III vs. Warden*, Civil Action No. 3:00-cv-1107.

Petitioner filed a second petition for *habeas corpus* in this Court on May 6, 2002, claiming that the Bill of Indictment in the murder prosecution was defective because it did not allege essential elements of the offense charged.  On February 6, 2003, the petition was deemed successive and transferred to the United States Fifth Circuit Court of Appeals for further proceedings. *George Moore, III vs. Warden*, Civil Action No. 3:02-cv-0933.

On March 11, 2003, a three judge panel of the Fifth Circuit denied authorization to file the successive application.  *In re: George Moore*, III, 03-30136.

Petitioner apparently returned to the Louisiana Courts for another round of post-conviction litigation collaterally attacking the conviction under Docket Number 36,451.  On May 7, 2004, the Supreme Court, again finding the application time-barred under La. C.Cr.P. art. 930.8, denied writs. *State of Louisiana ex rel. George Moore, III vs. State of Louisiana*, 2003-1278 (La. 5/7/2004), 872 So.2d 1070.

Petitioner's third round of state post-conviction, attacking the same conviction, was likewise dismissed as time-barred on November 22, 2013. *State of Louisiana ex rel. George Moore vs. State of Louisiana*, 2013-1367 (La. 11/22/2013), 126 So.3d 482.

As previously noted, petitioner filed the instant petition on December 10, 2013.  He attacks the same conviction again raising a claim of ineffective assistance of counsel.

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This is the third petition for *habeas corpus* filed by this petitioner. This petition attacks the same convictions and sentences which were the subject of the first two petitions.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell*, 324 F.3d 833.  Petitioner's claim (or one similar to it) was either raised in his first petition or could have been; his first petition was dismissed with prejudice as time-barred. Therefore, this petition is successive.[1]

---

[1] Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam* ).

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, February 13 , 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**